UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| JOHNATHAN LYNN GODLEY,<br>Institutional ID No. 76037,<br><br>Plaintiff,<br><br>v.<br><br>TOM GREEN COUNTY JAIL, *et al.*,<br><br>Defendants. | § § § § § § § § § § § § | <br><br><br><br><br>CIVIL ACTION NO.<br>6:11-CV-024-BL<br>ECF<br><br><br>Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION
## AND TRANSFER TO THE UNITED STATES DISTRICT JUDGE

Plaintiff, previously confined to the Tom Green County Jail in San Angelo, Texas, is proceeding *pro se* and *in forma pauperis*. He filed a civil rights complaint on March 15, 2011, alleging that Jimmy Davis, a Tom Green County Jail jailor used excessive force upon Plaintiff by striking thumb with keys. By order dated October 14, 2011, this case was transferred to the docket of United States Magistrate E. Scott Frost for screening pursuant to 28 U.S.C. §§ 1915 and 1915A.

The order transferring the case was returned as undeliverable, indicating that Plaintiff was no longer at the Tom Green County Jail, his last known address. The United States Magistrate Judge issued an Order to Show Cause on October 20, 2011 (Doc. 12), admonishing Plaintiff that severing contact with the court, failing to comply with the orders of the court, and a failure to show good cause for providing the clerk of the court with his current address and to update the clerk with his new address would result in a recommendation to the United States District Court that Plaintiff's complaint be dismissed without prejudice. Plaintiff was instructed to demonstrate good cause within

fourteen (14) days of the entry of the order. On October 28, 2011, a copy of the Order to Show Cause sent to Plaintiff at his last known address was returned as undeliverable as Plaintiff was not at the Tom Green County Jail (Doc. 13, 14).

It appears that Plaintiff has moved without advising the court of his new address, as required by LR 83.13 and LR 83.14 of the Civil Local Rules of the District Court for the Northern District of Texas, which require that a *pro se* party, like an attorney, must apprise the court of any address change. The court finds that Plaintiff has severed contact with the court.

Plaintiff's failure to comply with the court's orders or local rules or with FEDERAL RULE OF CIVIL PROCEDURE 41(b), which provides that the court may dismiss an action "[f]or the failure of the plaintiff to prosecute or comply with these rules or any order of the court," demonstrates a manifest lack of interest in litigating his claims. Therefore, the court finds that Plaintiff's severance of contact with the court demonstrates a manifest lack of interest in litigating his claims.

A district court has the inherent authority to dismiss an action for failure to prosecute, with or without notice to the parties. *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997)(citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31(1962); *Rogers v. Kroger Co.*, 669 F.2d 317, 319-20 (5th Cir.1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir.1998).

In this case Plaintiff failed to file a written notice of his current mailing address with the clerk of the court and has failed to respond to the Order to Show Cause by demonstrating good cause for his failure to alert the clerk of his current address and by showing why his complaint should not be dismissed. Plaintiff has had no contact with the court since at least June 27, 2011 (Doc. 8).

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing discussion of the issues and the law and of the procedural history of this case, this court recommends that the United States District Judge dismiss Plaintiff's complaint

filed March 15, 2011, and all claims asserted therein against Defendants Tom Green County Jail and Jimmy Davis, without prejudice for failure to prosecute, failure to comply with the local rules and the orders of the court, and for severing contact with the court.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 (fourteen) days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

A copy of this order shall be sent by first class mail to all parties appearing *pro se* and to any attorney of record by first class mail or electronic notification.

Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

**IT IS ORDERED** that the transfer of this case to the United States magistrate judge is terminated, and the case is hereby transferred to the docket of United States District Judge Sam R. Cummings.

DATED this 7th day of November, 2011.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**