IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| JONATHAN LYNN GODLEY,<br>Institutional ID No. 76037, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | CIVIL ACTION NO.<br>6:11-CV-00024-C |
| TOM GREEN COUNTY JAIL, *et al.*, | )<br>) | |
| Defendants. | ) | ECF |

## ORDER

Plaintiff Jonathan Lynn Godley, acting *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on March 15, 2011, and alleged that Jimmy Davis, a jailer at the Tom Green County Jail used excessive force against him while he was incarcerated in the jail. Plaintiff was subsequently granted permission to proceed *in forma pauperis*.

The complaint was transferred to the docket of the United States Magistrate Judge for screening pursuant to 28 U.S.C. §§ 1915 and 1915A. The Plaintiff's copy of the Order transferring the complaint to the Magistrate Judge's docket was returned to the Clerk on October 19, 2011, in an envelope marked "Return to sender. Not in this jail."

On November 7, 2011, the Magistrate Judge filed a Report and Recommendation which recommended that Plaintiff's complaint be dismissed without prejudice for severing contact with the court and failure to prosecute. Plaintiff has failed to file objections to the Report and Recommendation or file a change of address as of this date.

This Court has made an independent examination of the record in this case and finds that the Magistrate Judge's findings and conclusions should be ADOPTED.

It is, therefore, **ORDERED:**

(1) The instant civil rights complaint and all claims alleged therein are DISMISSED without prejudice.

(2) Any pending motions are DENIED.

(3) The dismissal of Plaintiff's complaint does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See* 28 U.S.C. § 1915(b)(1) ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner **shall be required to pay the full amount of a filing fee.**") (emphasis added); *Hatchet v. Nettles,* 201 F.3d 651, 654 (5th Cir. 2000) ("No relief from an order directing payment of the filing fee should be granted for a voluntary dismissal.").

(4) Plaintiff is advised that if he appeals this Order, he will be required to pay the appeal fee of $455.00 pursuant to the PLRA, and he must submit an application to proceed *in forma pauperis* and a 6-month Certificate of Inmate Trust Account at the same time he files his notice of appeal.

Judgment shall be entered accordingly.

Dated March __6__, 2012.

SAM R. CUMMINGS
United States District Judge